## UNITED STATES of America

v.

## James R. ANDERSON, Appellant.

### No. 81–2273.

United States Court of Appeals, District of Columbia Circuit.

Jan. 29, 1982.

---

Before MacKINNON and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

James R. Anderson was convicted in District Court of possession of one ounce of heroin in violation of D.C. Code § 33–402 (1973)[1] and on one count of possession of the implements of crime (narcotics paraphernalia) in violation of D.C. Code § 22–3601 (1973).[2] During trial he had been released on bail but upon the return of the guilty verdict his bail was revoked and his release terminated. The trial judge found on the basis of the convictions of the two offenses and his prior record that he would pose a danger to the community if released.[3] Thereafter the court adjudged sentences of one year imprisonment on each count, such sentences to be served consecutively. Anderson subsequently appealed his

convictions and moved the trial court for release on bond pending appeal. The court denied this motion for substantially the same reasons that he had terminated his release following the convictions. He now brings that decision of the trial court before us by a motion for release on bond until his appeal is decided. We deny the motion for reasons hereafter stated.

At the outset we note that the heroin in his possession, as found by the jury, was contained in 45 separate packages having a total street value of $1,800. Anderson was not a heroin user and such quantity of heroin was sufficient to support a finding of intent to distribute. The narcotics paraphernalia that was the subject of the third count would support the same finding. Anderson also had a prior conviction in the District of Columbia for possession of heroin for which he was sentenced on November 21, 1980 to a suspended sentence with nine months probation. Thus on April 23, 1981 when he committed the instant offenses he was still on probation. To further aggravate his record, on May 28, 1981, while he was still on probation, he was charged with the actual selling of heroin—across from his store.

With this background his counsel points, in support of his release on bond pending appeal, that he has always shown up for trial, that he is living in the community with his family, that he has diabetes; and argues that because the convictions in this case were only *misdemeanors* and were possessory offenses, not involving weapons, violence or *felonies*, that he should be released on bond. We disagree. Counsel's argument goes only to his likelihood of flight and he has misstated Anderson's record and the record shows that his release would pose a danger to the community.

First, as to Anderson's record. As indicated above on November 21, 1980 in the District of Columbia he was adjudged

---

1. D.C. Code § 33–402 provides: "(a) It shall be unlawful for any person to . . . possess [or], have under his control . . . any narcotic drug, except as authorized by this chapter."

2. He was acquitted of possession of the heroin with intent to distribute as charged under 21 U.S.C. § 841(a).

3. 18 U.S.C. § 3148, discussed, *infra*.

guilty of possessing heroin. That, so far as this record indicates, was his first conviction. Then followed the instant offense on April 23, 1981 of *again* having heroin in his possession and under his control, not in some minor quantity, but in quantity sufficient to indicate an intent to distribute. Counsel indicates that this second conviction was for a misdemeanor—it was *not*. It was a felony since it was his second conviction for such offense and was punishable by imprisonment up to 10 years or a $5,000 fine, or both. D.C. Code § 33–524 (1981) is applicable. It provides:

(a) Except as hereinafter provided, a person violating any provision of this chapter [Narcotic Drugs], . . . for which no specific penalty is otherwise provided, shall be fined not less than $100 nor more than $1,000, or imprisoned for not more than 1 year, or both.

(b) *A person convicted of an offense punishable pursuant to this section, who shall have previously been convicted in the District of Columbia of such an offense, . . . shall be fined not less than $500 nor more than $5,000 or imprisoned for not more than 10 years, or both.* (Emphasis added)

(c) For additional penalties for 2 or more violations of this chapter, see §§ 22–104 and 22–104a. (June 20, 1938, 52 Stat. 796, ch. 532, § 23; July 24, 1956, 70 Stat. 622, ch. 676, title III, § 301(n); July 29, 1970, 84 Stat. 603, Pub.L. 91–358, title II, § 208; 1973 Ed., § 33–423.)

Additional aggravation of his record occurred with the charge of *selling* heroin on May 28, 1981.[4] So his true record, ignoring for the time being the conviction for possessing the implements of crime and the May 28 charge of selling, indicates that shortly after he was placed on probation he committed the *same* narcotics violation a second time. This proves that he did not learn his lesson, that if he were released on bond there is a strong likelihood that he would continue to possess and control heroin in substantial quantities, and that for such reasons his release would endanger the community. The court therefore soundly decided to protect the community from the danger that would result from his release. In other words we find that society is endangered when courts release those individuals onto the community whose past conduct indicates that they are likely to possess, control or distribute controlled substances.

Counsel, however, argues that the convictions were only possessory offenses. They were, however, for the possession of heroin, one of the most dangerous and addictive of all the controlled substances and for the possession of implements of crime associated with offenses involving heroin. In further response to counsel's argument we would observe that heroin must be possessed before it can be sold. So the possession and control of heroin, particularly in quantities sufficient to indicate an intent to distribute—as here—is *not* a minor offense as some contend. Further, one who is guilty of repetitive offenses of possession or control of heroin, especially when he is not a user and the quantity of heroin is substantial, is a substantial danger to any community.

Even though the convictions were for D.C. Code offenses the case was properly tried in the United States District Court because Count I charged a U.S. Code offense in violation of 21 U.S.C. § 841(a).[5] Anderson's release on bond pending appeal is therefore governed by Fed.R.App.P. (9)(b)[6] and 18 U.S.C. § 3148. This statute

---

**4.** If Anderson is convicted of the May 28, 1981 alleged offense, subsection (c) of D.C. Code § 33–574 might become applicable.

**5.** D.C. Code § 11–502(3) (1973). *See United States v. Shepard*, 515 F.2d 1324, 1328–31 (D.C. Cir.1975).

**6.** Fed.R.App.P. 9(b) provides:

(b) Release Pending Appeal from a Judgment of Conviction. Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modifi-

provides: "A person ... convicted of an offense ... [who] has filed an appeal ... shall be treated in accordance with the provisions of section 3146 [the release statute] unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or *pose a danger* ... to the community. If such a risk of flight or danger is believed to exist ... the person may be ordered detained." (Emphasis added). Having found that Anderson's release would pose a danger to the community the judge properly denied his release. We reach a similar conclusion and deny appellant's motion for bond pending appeal.

*So ordered.*

cation of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.